## General Civil and Domestic Relations Case Disposition Information Form

☐ Superior or ☐ State Court of _____ County

| For Clerk Use Only | |
|---|---|
| Date Disposed _____  **MM-DD-YYYY** | **1/18/2022** |
| **Case Number** _____ | **22CV1351** |
| **Case Style** _____ | |

**Plaintiff(s)**  

_____
Last      First      Middle I.    Suffix    Prefix

_____
Last      First      Middle I.    Suffix    Prefix

_____
Last      First      Middle I.    Suffix    Prefix

_____
Last      First      Middle I.    Suffix    Prefix

**Defendant(s)**

_____
Last      First      Middle I.    Suffix    Prefix

_____
Last      First      Middle I.    Suffix    Prefix

_____
Last      First      Middle I.    Suffix    Prefix

_____
Last      First      Middle I.    Suffix    Prefix

**Reporting Party** _____

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

**Defendant's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

**Manner of Disposition**
**Check Only One**

☐    **Jury Trial**
☐    **Bench/Non-Jury Trial**
☐    **Non-Trial Disposition, such as:**
     ☐    **Alternative Dispute Resolution**

☐     Check if any party was self-represented at any point during the life of the case.

☐     Check if the court ordered an interpreter for any party, witness, or other involved individual.

☐     Check if the case was referred/ordered to a court-annexed alternative dispute resolution process.

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANASTASIA HINDS and JESSICA HINDS, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 22CV1351 |
| ) | FILE NO. _____ |
| MITCHERAL HOGAN, BULK LYFE ) | |
| INDUSTRIES, LLC, and OAKLEY ) | |
| TRUCKING, INC., ) | |
| ) | |
|     Defendants. ) | |

---

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

**Bulk Lyfe Industries, LLC**
**Attn: Registered Agent, Mitcheral Hogan**
**409 West 9th Street**
**Frostproof, FL  33843**

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiffs' attorney, whose name and address is:

C. NAPOLEON BARNWELL
Georgia Bar No. 728188
BROWN BARNWELL, P.C.
5805 State Bridge Road, Suite G349
Johns Creek, Georgia 30097
T:  (470) 406-6384
F:  (470) 397-5103

An answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment will be taken against you for the relief demanded in the complaint.

This __18th__ day of Jan., 2022.

_____
Deputy Clerk
In the Superior Court of Dekalb County, Georgia

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANASTASIA HINDS and JESSICA HINDS, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    FILE NO. _____ |
| MITCHERAL HOGAN, BULK LYFE | ) |
| INDUSTRIES, LLC, and OAKLEY | ) |
| TRUCKING, INC., | ) |
| | ) |
|     Defendants. | ) |

CIVIL ACTION FILE NO. **22CV1351**

---

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

**Mitcheral Hogan**
**409 West 9th Street**
**Frostproof, FL 33843**

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiffs' attorney, whose name and address is:

C. NAPOLEON BARNWELL
Georgia Bar No. 728188
BROWN BARNWELL, P.C.
5805 State Bridge Road, Suite G-349
Johns Creek, GA 30097
T: (470) 406-6384
F: (470) 397-5103

An answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment will be taken against you for the relief demanded in the complaint.

This __18th__ day of __Jan.__ 2022.

_Selena Anderson_
_____
Deputy Clerk
In the Superior Court of Dekalb County, Georgia

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANASTASIA HINDS and JESSICA HINDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 22CV1351 |
| | ) | FILE NO. _____ |
| MITCHERAL HOGAN, BULK LYFE | ) | |
| INDUSTRIES, LLC, and OAKLEY | ) | |
| TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

**Oakley Trucking, Inc.**
**Attn: Registered Agent, Judy G. Hughes**
**3700 Lincoln Avenue**
**North Little Rock, ARK  72114**

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiffs' attorney, whose name and address is:

C. NAPOLEON BARNWELL
Georgia Bar No. 728188
BROWN BARNWELL, P.C.
5805 State Bridge Road, Suite G349
Johns Creek, Georgia   30097
T:  (470) 406-6384
F:  (470) 397-5103

An answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment will be taken against you for the relief demanded in the complaint.

This  18th   day of  Jan.  2022.

_____
Deputy Clerk
In the Superior Court of Dekalb County, Georgia

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANASTASIA HINDS and JESSICA HINDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION **22CV1351** |
| | ) | FILE NO. _____ |
| MITCHERAL HOGAN, BULK LYFE | ) | |
| INDUSTRIES, LLC, and OAKLEY | ) | |
| TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COME NOW Anastasia Hinds and Jessica Hinds, Plaintiffs in the above-styled matter and files this Complaint for damages against Defendants Mitcheral Hogan, Bulk Lyfe Industries, LLC. and Oakley Trucking, Inc., showing the Court as follows:

## **PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff Anastasia Hinds is a citizen and resident of Rockdale County, Georgia.

2.    Plaintiff Jessica Hinds is a citizen and resident of Rockdale County, Georgia.

3.    Upon information and belief, Defendant Mitcheral Hogan resides at 409 W. 9th Street, Frostproof, FL 33843,  Polk County, Frostproof, Florida, where he may be served with legal process, and is subject to the jurisdiction of this Honorable Court by virtue of the facts outlined herein.

4.    Upon information and belief, Defendant Bulk Lyfe Industries, LLC, is registered with the United States Department of Transportation registered to do business within the state of Florida, with its principal place of business in Polk County, Florida. Bulk Lyfe Industries can be served with process through its registered agent, Mitcheral Hogan, 409 W. 9th Street, Frostproof,

FL 33843.

5.      Defendant Oakley Trucking, Inc., is registered with the United States Department of Transportation as a common carrier. Defendant Oakley Trucking, Inc., is an Arkansas Corporation registered to do business within the State of Arkansas, with its principal place of business in Pulaski County, Arkansas, 3700 Lincoln Avenue, North Little Rock, AR  72117 and can be served with legal process through its registered agent, Judy G. Hughes, 3700 Lincoln Avenue, North Little Rock, AR 72114.

6.      This cause of action is based upon the injuries and damages sustained by Plaintiffs as a result of a motor vehicle wreck occurring in Dekalb County, Georgia on November 4, 2020.

7.      Venue and jurisdiction are proper in this Court pursuant to O.C.G.A. § 40-12-3.

## BACKGROUND AND FACTS

8.      On November 4, 2020, Plaintiff, Jessica Hinds was a passenger in a vehicle driven by Plaintiff, Anastasia Hinds, traveling on I-285 approaching I-20 East in Dekalb County, Georgia.

9.      At the same time Defendant Bulk Lyte Industries, LLC, by and through its employee, Mitcheral Hogan was operating a tractor and cargo tanker for Defendants Bulk Lyte Industries, LLC and Oakley Trucking, Inc., traveling on I-285 near I-20 East in Dekalb County, GA.

10.      Defendant failed to his vehicle at a safe distance resulting in Defendant colliding into the rear of Plaintiffs' vehicle and forced Plaintiffs' vehicle into the rear end of the vehicle in front of her vehicle.

11.      Defendant Oakley Trucking, Inc., was contractually obligated to Defendant Bulk Lyte Industries, LLC.

2

12.     At the same time Defendant, by and through its employee, Mitcheral Hogan, was at least, negligent in following too close that caused this accident.

## COUNT 1 – NEGLIGENCE AS TO DEFENDANT MITCHERAL HOGAN

13.     The Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1 through 12 as if fully alleged herein.

14.     Defendant Hogan owed a duty to others on the roadway to operate his cargo tanker in a reasonably safe manner and to avoid causing unnecessary harm on the roadway.

15.     Defendant Hogan breached this duty when he caused the cargo tanker he was operating to collide with the rear of Plaintiffs' vehicle.

16.     Defendant Hogan was further negligent by violating other Uniform Rules of the Road, O.C.G.A. § 40-6-49

17.     As a direct and proximate result of Defendant Hogan's negligence, Plaintiffs suffered bodily injury and other general damages for which a recovery is authorized under Georgia law.

18.     On November 4, 2020, Defendant Bulk-Lyfe Industries, LLC, by and through its employee, Mitcheral Hogan, had a duty not to injure others while operating a motor vehicle.

19.     Defendant breached his duty to drive as reasonable drivers when he rear-ended Plaintiffs' vehicle.

20.     Plaintiff Janice Hinds suffered personal injury, pain and suffering, psychological stress and accumulated medical bills from Advanced Chiropractic of Conyers, AICA Orthopedics, Elite Chiropractic, Allegiance Imaging and Radiology and Regional Medical Group in excess ($100,000.00), One Hundred Thousand Dollars "but for" Defendants breaching the standard of care exercised by reasonable and prudent drivers.

3

21.     Plaintiff Anastasia Hinds suffered personal injury, pain and suffering, psychological stress and accumulated medical bills from Advanced Chiropractic of Conyers, Allegiance Imaging and Radiology, AICA Orthopedics and Elite Chiropractic in excess ($100,000.00), One Hundred Thousand Dollars "but for" Defendants breaching the standard of care exercised by reasonable and prudent drivers.

22.     Defendant's driving was the cause-in-fact of the wreck.

23.     The injuries inflicted upon Plaintiffs was foreseeable, whereas the Defendant broke Georgia Traffic Safety Law.

### COUNT II – NEGLIGENCE AS TO DEFENDANT BULK LYFE INDUSTRIES, LLC

24.     Plaintiffs  reallege and incorporate by reference all allegations contained in paragraphs 1 through 23 as if fully alleged herein.

25.     At all times relevant to this Complaint, Defendant Hogan was acting in the course and scope of his duties as an employee and/or agent of Defendant Bulk Lyfe Industries, LLC.

26.     Defendant Bulk Lyfe Industries, LLC is vicariously liable for the negligent acts of its employees and/or agents, including Defendant Hogan, pursuant to the doctrine of *respondeat superior.*

27.     Defendant Bulk Lyfe Industries, LLC was otherwise negligent.

28.     As a direct and proximate result of Defendant Hogan's negligence, the Plaintiffs suffered bodily injury and other general damages for which a recovery is authorized under Georgia law.

### COUNT III  – NEGLIGENCE AS TO DEFENDANT OAKLEY TRUCKING, INC.

29.     Plaintiffs  reallege and incorporate by reference all allegations contained in paragraphs 1 through 28 as if fully alleged herein.

4

30.     At all times relevant to this Complaint, Defendant Hogan was under dispatch for, and/or driving within the course and scope of his duties as an employee and/or agent of Oakley Trucking, Inc.

31.     Defendant Oakley Trucking, Inc. is vicariously liable for the negligent acts of its employees and/or agents, including Defendant Hogan, pursuant to the doctrine of *respondeat superior.*

32.     Defendant Oakley Trucking, Inc. was otherwise negligent.

33.     As a direct and proximate result of Defendant Oakley Trucking, Inc., Plaintiffs suffered bodily injury and other general damages for which a recovery is authorized under Georgia law.

## COUNT IV – NEGLIGENT HIRING, TRAINING AND SUPERVISION BY DEFENDANT BULK LYTE INDUSTRIES, LLC

34.     Plaintiffs  reallege and incorporate by reference all allegations contained in paragraphs 1 through 33 as if fully alleged herein.

35.     Defendant Bulk Lyte Industries, LLC was negligent in hiring Mitcheral Hogan and entrusting him to drive a commercial vehicle.

36.     Defendant Bulk Lyte Industries, LLC was negligent in failing to properly train Mitcheral Hogan.

37.     Defendant Bulk Lyte Industries, LLC's negligence in hiring Mitcheral Hogan, entrusting him to drive a commercial vehicle, and failing to train and supervise him properly were the proximate cause of the collision at issue and the injuries to Plaintiffs.

 WHEREFORE, Plaintiffs pray as follows:

(a)     Require Defendants to answer this Complaint;

(b)     That Plaintiffs receive a trial by a fair and impartial jury of twelve members;

(c)     That Plaintiff Anastasia Hinds  obtain a judgment for damages for her injuries, pain, suffering and damages against Defendants in a sufficient amount in excess of $10,000.00 to compensate Plaintiff for her injuries, suffering and damages.

(d)     That Plaintiff Janice Hinds  obtain a judgment for damages for her injuries, pain, suffering and damages against Defendants in a sufficient amount in excess of $10,000.00 to compensate Plaintiff for her injuries, suffering and damages.

(e)     That all costs of this action be assessed against Defendants.

(d)     For all other relief, this Honorable Court deems necessary for the full administration of justice.

This 17th day of January, 2022.

/s/ C. Napoleon Barnwell

_____
C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

BROWN BARNWELL, P.C.
5805 State Bridge Road
Suite G349
Johns Creek, GA  30097
T: (470) 406-6384
F: (470) 397-5103
napoleon@brownbarnwell.com

6

FILED 4/5/2022 4:18 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANASTASIA HINDS and JESSICA HINDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. <u>22CV1351</u> |
| MITCHERAL HOGAN, BULK LYFE | ) | |
| INDUSTRIES, LLC, and OAKLEY | ) | |
| TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AFFIDAVITS OF SERVICE FOR DEFENDANTS MITCHERAL HOGAN, BULK LYFE INDUSTRIES, LLC AND OAKLEY TRUCKING, INC.

COMES NOW Plaintiff, by and through her undersigned counsel of record, and files the

attached Affidavit of Service for Bulk Lyfe Industries (attached hereto as Exhibit "A"); Affidavit

of Service for Mitcheral Hogan (attached hereto as Exhibit "B"); and Affidavit of Service for

Oakley Trucking, Inc. (attached hereto as Exhibit "C").

This 5th day of April, 2022.

BROWN BARNWELL, P.C.

*/s/ C. Napoleon Barnwell*
_____
C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

5805 State Bridge Road
Suite G349
Johns Creek, GA  30097
T: (470) 406-6384
F: (470) 397-5103
napoleon@brownbarnwell.com

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

**ANASTASIA HINDS and JESSICA HINDS**

    *Plaintiff(s) / Petitioner(s)*

v.

                                  Case No.: 2021CV355080

**MITCHERAL HOGAN, BULK LYFE INDUSTRIES,
LLC and OAKLEY TRUCKING, INC.**

    *Defendant(s) / Respondent(s)*

## <u>AFFIDAVIT OF SERVICE</u>

I, Laurynn Vaughn, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on BULK LYFE INDUSTRIES, LLC in Polk County, FL on October 5, 2021 at 7:12 pm at 409 West 9th Street, Frostproof, FL 33843 by leaving the following documents with Donna Hogan who as Wife of Registered Agent is authorized by appointment or by law to receive service of process for BULK LYFE INDUSTRIES, LLC.

Plaintiff Anastasia Hinds' First Interrogatories to Defendant Bulk Lyfe Industries, LLC
Complaint
Summons

Additional Description:
I delivered the documents to Donna Hogan.

Black or African American Female, est. age 40, glasses: N, Black hair, 160 lbs to 180 lbs, 5' 6" to 5' 9".
Geolocation of Serve: http://maps.google.com/maps?q=27.7337102545,-81.537355883
Photograph: See Exhibit 1

Signature
Laurynn Vaughn
(407) 995-9203

Subscribed and sworn to before me this _7_ day of _October_ , _2021_, by

_Laurynn Vaughn_ .

Witness my hand and official seal.

My commission expires: _2|2|25_

KESHIA L DANIEL
Notary Public-State of Florida
Commission # HH 88174
My Commission Expires
February 02, 2025

_Keshia L Daniel_

Notary Public

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**ANASTASIA HINDS and JESSICA HINDS**

    *Plaintiff(s) / Petitioner(s)*

v.

                                  Case No.: 2021CV355080

**MITCHERAL HOGAN, BULK LYFE INDUSTRIES,
LLC, and OAKLEY TRUCKING, INC.**

    *Defendant(s) / Respondent(s)*

### AFFIDAVIT OF SERVICE

I, Bill Rorie , being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on MITCHERAL HOGAN in Polk County, FL on October 9, 2021 at 6:34 pm at 409 9TH ST, FROSTPROOF, FL 33843 by leaving the following documents at the usual place of abode of MITCHERAL HOGAN with Donna Hogan who is of suitable age and discretion and resides therein.

Summons
Complaint
Plaintiff's Request for Production of Documents
Plaintiff's First Interrogatories

Additional Description:
Mitcheral Hogan's wife Donna accepted service on his behalf. Mitcheral sat in the corner and watched but he would not touch the paperwork.

Black or African American Male, est. age 35, glasses: N, Black hair, 240 lbs to 260 lbs, 6' to 6' 3".
Geolocation of Serve: http://maps.google.com/maps?q=27.7340650251,-81.5374228017
Photograph: See Exhibit 1

Signature
Bill Rorie
(317) 716-5410

Subscribed and sworn to before me this 20th day of October 2021, by

Billy W. Kone .

Witness my hand and official seal.

My commission expires: 5|25|24

_____

**Notary Public**

MARTHA P. VALERIO
Notary Public - State of Florida
Commission # GG 978296
My Comm. Expires May 25, 2024

**EXHIBIT "C"**

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

**ANASTASIA HINDS and JESSICA HINDS**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 2021CV355080

**MITCHERAL HOGAN, BULK LYFE INDUSTRIES, LLC and OAKLEY TRUCKING, INC.**

*Defendant(s) / Respondent(s)*

## <u>AFFIDAVIT OF SERVICE</u>

I, Joseph Haynes, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on OAKLEY TRUCKING INC in Pulaski County, AR on October 5, 2021 at 2:49 pm at 300 S. Spring Street, #900, Little Rock, AR 72201 by leaving the following documents with Danny Clements who as Clerk` at Corporation Service Company is authorized by appointment or by law to receive service of process for OAKLEY TRUCKING INC.

Summons
Plaintiff Anastasia Hinds' Request for Production of Documents to Defendant Oakley Trucking, Inc.
Plaintiff Anastasia Hinds' First Interrogatories to Defendant Oakley Trucking, Inc.
Complaint

Additional Description:
I delivered the documents to Danny Clements, clerk for Registered Agent Corporation Service Company.

White Male, est. age 50, glasses: Y, Brown hair, 200 lbs to 220 lbs, 5' 9" to 6'.
Geolocation of Serve: http://maps.google.com/maps?q=34.746353527,-92.2743805558
Photograph: See Exhibit 1

Signature
Joseph Haynes
(501) 920-9984

Subscribed and sworn to before me this ___8___ day of _October_, _2021_ by

_Joseph Haynes_ .

Witness my hand and official seal.

My commission expires: __06/05/2030__

_Audrey Estridge_
Notary Public

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ANASTASIA HINDS and JESSICA HINDS,  )
                                          )

      Plaintiffs,  )
                                          )

v.  )        CIVIL ACTION **22CV1351**
                                          )        FILE NO. _____

MITCHERAL HOGAN, BULK LYFE  )
INDUSTRIES, LLC, and OAKLEY  )
TRUCKING, INC.,  )
                                          )

      Defendants.  )

---

## PLAINTIFF ANASTASIA HINDS' FIRST
## INTERROGATORIES TO DEFENDANT BULK LYTE INDUSTRIES

COMES NOW, Plaintiff, Anastasia Hinds, in the above-styled case, and require the

Defendant, Bulk Lyte Industries, to answer under oath and in writing the following interrogatories,

pursuant to O.C.G.A. §9-11-33 within thirty (30) days from the date of service hereof.

**NOTE A:**      When used in these interrogatories, the phrases "Defendant", "individual in

question", "you", or any synonym thereof are intended to and shall embrace and include, in

addition to Defendant, individually, Defendant's attorneys, agents, servants, employees,

representatives, private investigators, insurance adjusters, and all others who are in possession of,

in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:**      Throughout these interrogatories, wherever Defendant is requested to

identify a communication of any type and such communication was oral, the following information

should be furnished with regard to each such communication:

(a)      By whom it was made, and to whom;

(b)      The date upon which it was made;

1

(c)      Who else was present when it was made;

(d)      Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**      Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, document, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

(a)      A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)      By whom it was made and to whom it was addressed;

(c)      The date upon which it was made; and

(d)      The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**      Throughout these interrogatories, wherever Defendant is requested to identify a person, the following information should be furnished:

(a)      The person's full name;

(b)      His or her present home and business address and telephone number at each address;

(c)      His or her occupation; and

(d)      His or her place of employment.

**NOTE E:**      These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to

testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

## **INTERROGATORIES**

1.

Please state the date on which Defendant Hogan first became employed by and/or drove a vehicle for this Defendant and state whether Defendant Hogan continues to drive for this Defendant. If Defendant Hogan no longer works for this Defendant, please state the date on which Defendant Hogan ceased to work for this Defendant or was terminated by this Defendant and explain why Defendant Hogan is no longer working for or driving for this Defendant.

2.

Describe in detail all precautions this Defendant took to control the speed and driving conduct of drivers such as Defendant Hogan, e.g., the use of governors and the speed at which any governors were set, the monitoring of Qualcomm records, etc.

3.

State whether this Defendant admits that the driver of the subject tractor-trailer, Defendant Hogan, was the sole and proximate cause of the collision on November 4, 2020. If your answer is anything other than an unqualified admission that Defendant Hogan was negligent, please explain the basis for contesting liability.

4.

Please identify whether the subject tractor-trailer was equipped with electronic logs, EDR "black box," engine/vehicle control module, OPS, Qualcomm system, collision avoidance, or other trip recording devices. If so, please describe the name of your system, module, or other device monitored. Please state whether any information or data has been downloaded from any "black box" or electronic system, module, or other such device on the subject tractor-trailer after the subject wreck, without Plaintiff being given the opportunity to download it. If such information has been downloaded, please describe when and what information was downloaded, by whom it was downloaded, and where the downloaded information or data is currently located.

5.

Please identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for causing the subject collision, Plaintiffs' injuries, and/or any of Plaintiffs' damages. As to each person or entity identified, describe the nature of the negligence, fault, or liability alleged, set forth the facts relevant to your response, and supply any statutory authority in support of these contentions.

6.

Do you admit that Defendant Hogan negligently caused the collision as between the tractor-trailer and Plaintiffs' vehicle? If your answer is in any way negative, please explain.

7.

Please state whether you contend that any other person or entity, including Anastasia Hinds, is responsible, in whole or in part, for the subject wreck or the injuries and damages

complained of other than the named Defendants. If so, please state the full name, address, and telephone number of that person(s) or entity(ies) and explain the factual basis for your contention(s) that the other person(s) or entity(ies) are responsible for the subject wreck.

8.

Please identify by name, current address, and current telephone number every person who has information about the subject collision, to include why the subject collision occurred, about who was or may be at fault or in any way responsible for causing the subject collision, and about any other information pertaining to the issues of liability and/or damages in this case. Please include a brief description of the nature of such person's knowledge and state whether they are employed by Bulk Lyfe Industries, LLC or Bulk Lyfe Industries, LLC's counsel. (For example: eyewitness, investigating police officer, medical personnel, etc.)

9.

Please state whether any of the witness(es) identified in response to the preceding Interrogatory gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, please identify any witness(es) giving such statement(s) and provide an explanation of the type of statement(s) given, (oral, written, recorded, etc.). Also, please identify the taker and present custodian of such statement(s).

10.

Please state when this Defendant anticipated litigation arising from the subject wreck and identify all persons, including investigators, mechanics, adjusters, claims representatives, or experts who have investigated the subject collision, examined any of the vehicles involved, or

5

discussed the subject collision with you, on your behalf, or on behalf of Defendant Hogan or his agents, representatives, attorneys, or insurers.

11.

With respect to any investigation or review of the subject collision by this Defendant, please state who participated in such investigation or review, whether there was a determination of fault, what the determination of fault was, what corrective action was taken, whether a driver improvement plan was recommended or formulated, what the driver improvement plan was, whether there were any lessons learned, what the lessons learned were, and what the time frame for completion of the driver completion plan was.

12.

Please give a detailed history of any inspections, maintenance, and repairs of the subject tractor-trailer, which was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspections, maintenance work, or repairs on either of the tractor or trailer, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

13.

Please identify every person who has information about how or why the subject accident occurred, about who was at fault or in any way responsible for causing the subject collision, and about any other information pertaining to the issues of liability, causation, or damages in this case. Please include a brief description of the nature of such person's knowledge, their phone number(s), current address(es), place(s) of employment, present whereabouts, and whether they purport to be represented by your counsel.

14.

Please state whether any part or potential witness in this case (including those identified above) made or gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit If so, please identify all such persons giving such statement(s) and provide an explanation of the type of statement(s) given (oral, written, recorded, etc.). Also identify the taker and present custodian of such statement(s).

15.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject collision, the scene of the subject collision, the vehicles involve in the subject collision, or which in any way illustrate any facts relevant to the subject collision. As to each item, please stat the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identify of the person who presently possesses such item(s).

16.

Please identify any report or writing made by or on behalf of this Defendant, to include an incident report, summarizing or otherwise describing the events of the subject collision, or Plaintiffs' damages, and if so, identify the person(s) who prepared such report(s), identify all persons who have reviewed a copy of such report(s), the place where such report(s) is located, and the present custodian of the same. Please include, but do not limit your response to any memo, meeting minutes, letter, or e-mail.

17.

If Bulk Lyte Industries, LLC has ever been a party to *any* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

18.

Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered int this action, and for each insurer give the following information:

(a)     Name and address of company;

(b)     Limits of liability coverage;

(c)     Policy number; and

(d)     Names of insured.

19.

Please state whether any test, experiment, inspect, chart, or measurement has been made with respect to the scene of the collision, the vehicles involved in the subject collision, or any object involved. State the name, current address, and telephone number(s) of each person who participated in such a test, experiment, inspection, chart, or measurement, and the date and nature of their participation.

20.

Please state whether Defendant Hogan was tested for drugs or alcohol before or after the subject collision, to include the forty-eight hours following the subject collision. If so, please identify the person who administered such tests, the types of tests administered, and state the

8

results of all such tests.

21.

Please state in detail how you contend the subject collision took place, what caused Defendant Hogan to cause the accident and the order in which the events took place, to include the purpose of the trip by Defendant Hogan, his destination, from where he left, and any cargo he was carrying or was supposed to pick up. Please include in your response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject wreck and/or any of Plaintiffs' damages.

22.

Please identify the following individuals as of the date of the subject wreck and at present:

(a)      Person(s) responsible for the inspection, maintenance, and repair of the subject tractor-trailer;

(b)      Your Safety Director;

(c)      Person(s) responsible for training employees/drivers, including Defendant Hogan;

(d)      Person(s) responsible for interviewing and/or hiring or selecting Defendant Hogan;

(e)      Person(s) responsible for supervising drivers, including Defendant Hogan;

(f)      Person(s) responsible for qualifying Defendant Hogan, obtaining Defendant Hogan's driver history and/or ensuring that Defendant Henry maintained current logbooks, permits, licenses and certifications;

(g)      Your Freight Brokers;

(h)      Purchasing and Receiving Managers;

(i)      Person(s) responsible for dispatching or assigning Defendant Hogan his work tasks

on day of the subject collision.  Please include in this response the address and current telephone numbers of these individuals and state whether any of them continue to be employed by you.

23.

Please state the number of hours Defendant Hogan had worked and had been on duty for the date of the subject collision and each of the seven days prior to the collision, to include when and where he had driven and for how long he was put out of service to rest and/or sleep.

24.

What was the extent of damage to the tractor and cargo trailer that Defendant Hogan was operating as a result of this collision, giving the time of loss of use, cost of repair and who repaired the tractor and trailer?

25.

Please state whether Defendant Hogan was ever criticized regarding his driving or job performance or written-up, punished, reprimanded, or disciplined in any way while working for you or driving on your behalf, including but not limited to whether he was disciplined, criticized or reprimanded, or whether his job duties were in any way altered, before or as a result of the subject collision.

26.

Please identify all training Defendant Hogan was provided by or on behalf of this Defendant, to include the name, address, and telephone number of the trainer, the scope of the training provided, whether such training was completed, and the date of such training.

27.

Did Defendant Hogan violate any policy, standard, guidelines, recommendation, or rule of

this Defendant in connection with the subject collision? If so, please identify the rule/policy/standard Defendant Hogan violated and explain how the same was violated by Defendant Hogan.

28.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substances of the facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion.

29.

Please identify the details of Defendant Hogan's trip on the date of the subject collision, to include where and what time the trip began; the intended destination; the route he was scheduled to take; any cargo he was carrying and the weight of that cargo; where the cargo and what time he picked it up; the time and location of any stops or rests breaks; and what he was scheduled to do after dropping off the load.

30.

Please state whether this Defendant admits that Defendant Hogan's negligence proximately caused the subject collision and the injuries sustained by Plaintiffs. If your answer is in the negative, please explain the basis for that denial.

31.

Please identify the type of collision avoidance system on the subject tractor-trailer, to include identification of the brand and type of collision avoidance system on the subject tractor-trailer, whether it was working, what it was designed to do, and whether it alerted Defendant Hogan

11

to the presence of Plaintiff before the wreck occurred.

This 17th day of January, 2022.

*/s/ C. Napoleon Barnwell*

_____

C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

BROWN BARNWELL, P.C.
5805 State Bridge Road, Suite G-349
Johns Creek, GA  30097
T: (470) 406-6384
F: (470) 397-5103
napoleon@brownbarnwell.com

12

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANASTASIA HINDS and JESSICA HINDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 22CV1351 |
| | ) | FILE NO. _____ |
| MITCHERAL HOGAN, BULK LYFE | ) | |
| INDUSTRIES, LLC, and OAKLEY | ) | |
| TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF ANASTASIA HINDS' FIRST INTERROGATORIES TO DEFENDANT MITCHERAL HOGAN

COMES NOW, Plaintiff, Anastasia Hinds, in the above-styled case, and require the Defendant, Mitcheral Hogan, to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. §9-11-33 within thirty (30) days from the date of service hereof.

**NOTE A:** When used in these interrogatories, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:** Throughout these interrogatories, wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)   By whom it was made, and to whom;

1

(b)    The date upon which it was made;

(c)    Who else was present when it was made;

(d)    Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**    Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, document, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

(a)    A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)    By whom it was made and to whom it was addressed;

(c)    The date upon which it was made; and

(d)    The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**    Throughout these interrogatories, wherever Defendant is requested to identify a person, the following information should be furnished:

(a)    The person's full name;

(b)    His or her present home and business address and telephone number at each address;

(c)    His or her occupation; and

(d)    His or her place of employment.

**NOTE E:**    These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person

2

expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

## INTERROGATORIES

### 1.

Please state your name, current address, social security number, driver's license number and state of issuance, telephone number, marital status and date of birth.

### 2.

State your residence address, including any apartment number, and the address and period of time you lived at this residence and all the previous addresses and the period of time lived at each residence for the previous five (5) years.

### 3.

Please list all places of employment for the past ten (10) years to include: name of employer, supervisor, address, telephone number, job description, dates of employment, and reason for termination or separation from employment. Said list should include employment or ownership in a business through the present date.

### 4.

Please identify all persons who have investigated the subject collision or with whom you have discussed the subject collision. This request includes individuals who have investigated the

subject collision on your behalf, or on behalf of Bulk Lyfe Industries, LLC, its agents, attorneys, or insurers.

5.

Please identify all trucking companies for which you have driven a tractor-trailer at any time during your life.

6.

Do you admit that you negligently caused the collision as between the tractor-trailer operated by you and Plaintiffs' vehicle? If your answer is in any way negative, please explain.

7.

Please state whether you contend that any other person or entity, including Anastasia Hinds, is responsible, in whole or in part, for the subject wreck or the injuries and damages complained of other than the named Defendants. If so, please state the full name, address, and telephone number of that person(s) or entity(ies) and explain the factual basis for your contention(s) that the other person(s) or entity(ies) are responsible for the subject wreck.

8.

Please identify by name, current address, and current telephone number every person who has information about the subject collision, to include why the subject collision occurred, about who was or may be at fault or in any way responsible for causing the subject collision, and about any other information pertaining to the issues of liability and/or damages in this case. Please include a brief description of the nature of such person's knowledge and state whether they are employed by Bulk Lyfe Industries, LLC or Bulk Lyfe Industries, LLC's counsel. (For example: eyewitness, investigating police officer, medical personnel, etc.)

9.

Please state whether any of the witness(es) identified in response to the preceding Interrogatory gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, please identify any witness(es) giving such statement(s) and provide an explanation of the type of statement(s) given, (oral, written, recorded, etc.). Also, please identify the taker and present custodian of such statement(s).

10.

Please state whether you have an e-mail address or an account with Facebook, Twitter, LinkedIn, Instagram, or any other similar type of social media or networking website and whether you had any such account on November 4, 2020. If so, please provide the email address and/or URL address for such account and state whether the subject collision has been discussed using or on any of these accounts.

11.

If you have ever been arrested, state the date, place and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought.

12.

If, within the twenty-four (24) hour period immediately preceding the incident, you consumed any drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

13.

Did you undergo any drug or alcohol tests following the incident? If so, when was said

5

test(s) conducted, where was said test(s) conducted, who conducted said tests(s), and what were the results of said test(s)?

14.

Please list all permits, driver's licenses, and certificates that you have ever held that pertain to your right or qualification to drive vehicles and state for each such permit, HAZMAT permit, license or certificate, the issuing state and authority, any restrictions on each such license at any time (including now and at the time of the subject wreck(s)), the dates such items were issued and expired and whether any such items have ever been revoked, suspended, cancelled or allowed to lapse. If any license or permit you have ever had has been cancelled, suspended, revoked, or otherwise restricted for any reason, please state the nature and date of such restriction(s) and the reason(s) for such restriction(s). Please also include in your response whether you had a valid Commercial Driver's License or "CDL" ON November 4, 2020, when you obtained that license, and describe any training you received in order to obtain the CDL.

15.

If you have been involved in any other motor vehicle wrecks, identify each wreck by date, place whether you were cited as a result of the wreck(s), whether anyone was hurt in the wreck(s), whether you were on personal business or in the course of your employment at the time of said wreck (and list the employer if you were in the course of your employment), the names of any other vehicle owners or operators involved in such wreck(s), and a brief description of how the wreck occurred, to include whether you believe the wreck was your fault or someone else's fault.

16.

If you have ever been a party to *any* action (other than this action), please describe each

6

such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

17.

Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered int this action, and for each insurer give the following information:

      (a)      Name and address of company;

      (b)      Limits of liability coverage;

      (c)      Policy number; and

      (d)      Names of insured.

18.

Identify all owners and lessors of the tractor-trailer you were driving at the time of the incident.

19.

How long had you operated this particular vehicle?

20.

When did you make the last inspection of the vehicle prior to the collision?

21.

Did your vehicle have any mechanical problems at the time of the collision?

22.

If at any time between the last inspection prior to the incident and the date of the incident, the vehicle you were driving had any mechanical defects, state the nature of the defects.

7

23.

What was the extent of damage to the tractor and cargo trailer you were operating as a result of this collision, giving the time of loss of use, cost of repair and who repaired the vehicle?

24.

Please explain the nature of your business with Oakley Trucking, to include your duties and date your business with Oakley Trucking began.

25.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

26.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substances of the facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion.

27.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert, identify all documents and professional references upon which such person may base his or her testimony and opinions.

28.

Where had you been prior to the incident, where were you going at the time of the incident, and what time were you due to arrive at your destination?

29.

What speed do you contend you were traveling at the time of the incident?

30.

State in detail your version of how the incident occurred, including what you did to avoid the incident, and whether at the first moment you saw the vehicle the decedent was traveling in, was stopped or moving, and its direction and speed if moving.

31.

State the substance of every utterance made by you or to you at the scene of the incident and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

32.

If you received a citation of any sort as a result of the incident, state the nature of same, the disposition made, and the court involved.

33.

To you knowledge, information or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident/ If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

9

34.

Were you familiar with the general area where this incident occurred?

35.

For the month prior to November 4, 2020, state the number of hours you had worked/been on duty with Bulk Lyte Industries, LLC or any other employer (including working for yourself), when and where you had driven, and when and for how long you had rested/slept.

36.

Please describe in detail all steps you took in reporting and documenting the subject collision and include every person (other than your attorneys) that you spoke with, what you told them, and when you spoke with them following the subject wreck.

37.

Please identify the details of your trip on November 4, 2020 to include: where and what time the trip began; how and when you got to the location where the trip began; the intended destination; the route you were taking; any cargo you were carrying and the weight of that cargo; where the cargo came from and what time you picked it up; the time and location of any stops or rest breaks; and what you were scheduled to do after dropping off your load.

38.

Please identify all documents and other tangible things which constitute or contain materials relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories. Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

10

39.

Identify your mobile phone carrier, mobile phone number and the name the account is under.

40.

Identify every other act or event which supports each affirmative defense that you raise.

This 17th day of January, 2022.

*/s/ C. Napoleon Barnwell*
_____
C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

BROWN BARNWELL, P.C.
5805 State Bridge Road
Suite G349
Atlanta, GA 30097
T: (470) 406-6384
F: (470) 397-5103
napoleon@brownbarnwell.com

11

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ANASTASIA HINDS and JESSICA HINDS,    )
      )
    Plaintiffs,      )
      )      **22CV1351**
v.      )    CIVIL ACTION
      )    FILE NO. _____
MITCHERAL HOGAN, BULK LYFE    )
INDUSTRIES, LLC, and OAKLEY    )
TRUCKING, INC.,    )
      )
    Defendants.    )

---

### PLAINTIFF ANASTASIA HINDS' FIRST INTERROGATORIES TO DEFENDANT OAKLEY TRUCKING, INC.

COMES NOW, Plaintiff, Anastasia Hinds, in the above-styled case, and require the Defendant, Oakley Trucking, Inc., to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. §9-11-33 within thirty (30) days from the date of service hereof.

**NOTE A:**    When used in these interrogatories, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:**    Throughout these interrogatories, wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)    By whom it was made, and to whom;

1

(b)     The date upon which it was made;

(c)     Who else was present when it was made;

(d)     Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**    Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, document, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

(a)     A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)     By whom it was made and to whom it was addressed;

(c)     The date upon which it was made; and

(d)     The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**    Throughout these interrogatories, wherever Defendant is requested to identify a person, the following information should be furnished:

(a)     The person's full name;

(b)     His or her present home and business address and telephone number at each address;

(c)     His or her occupation; and

(d)     His or her place of employment.

**NOTE E:**    These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person

2

expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

## **INTERROGATORIES**

### 1.

Please state the names, addresses, and telephone numbers of all witnesses known to you who say or claim they saw all or part of the occurrence or who may possess relevant knowledge to any subject matter which is complained of in this action and provide a detailed explanation of their knowledge.

### 2.

Describe in detail all precautions this Defendant took to control the speed and driving conduct of drivers such as Defendant Hogan, e.g., the use of governors and the speed at which any governors were set, the monitoring of Qualcomm records, etc.

### 3.

State whether this Defendant admits that the driver of the subject tractor-trailer, Defendant Hogan, was the cause of the collision on November 4, 2020. If your answer is anything other than an unqualified admission that Defendant Hogan was negligent, please explain the basis for contesting liability.

4.

Please identify whether the subject tractor-trailer was equipped with electronic logs, EDR "black box," engine/vehicle control module, OPS, Qualcomm system, collision avoidance, or other trip recording devices. If so, please describe the name of your system, module, or other device monitored. Please state whether any information or data has been downloaded from any "black box" or electronic system, module, or other such device on the subject tractor-trailer after the subject wreck, without Plaintiff being given the opportunity to download it. If such information has been downloaded, please describe when and what information was downloaded, by whom it was downloaded, and where the downloaded information or data is currently located.

5.

Please identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for causing the subject collision, Plaintiffs' injuries, and/or any of Plaintiffs' damages. As to each person or entity identified, describe the nature of the negligence, fault, or liability alleged, set forth the facts relevant to your response, and supply any statutory authority in support of these contentions.

6.

Please identify by name, current address, and current telephone number every person who has information about the subject collision, to include why the subject collision occurred, about who was or may be at fault or in any way responsible for causing the subject collision, and about any other information pertaining to the issues of liability and/or damages in this case. Please include a brief description of the nature of such person's knowledge and state whether they are

4

employed by Bulk Lyfe Industries, LLC or Bulk Lyfe Industries, LLC's counsel. (For example: eyewitness, investigating police officer, medical personnel, etc.)

7.

Please state whether any of the witness(es) identified in response to the preceding Interrogatory gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, please identify any witness(es) giving such statement(s) and provide an explanation of the type of statement(s) given, (oral, written, recorded, etc.). Also, please identify the taker and present custodian of such statement(s).

8.

Please state when this Defendant anticipated litigation arising from the subject wreck and identify all persons, including investigators, mechanics, adjusters, claims representatives, or experts who have investigated the subject collision, examined any of the vehicles involved, or discussed the subject collision with Defendant Bulk Lyte Industries, Inc., and Defendant Mitcheral Hogan or their agents, representatives, attorneys, or insurers.

9.

With respect to any investigation or review of the subject collision by this Defendant, please state who participated in such investigation or review, whether there was a determination of fault, what the determination of fault was, what corrective action was taken, whether a driver improvement plan was recommended or formulated, what the driver improvement plan was, whether there were any lessons learned, what the lessons learned were, and what the time frame for completion of the driver completion plan was.

5

10.

Please give a detailed history of any inspections, maintenance, and repairs of the subject cargo tanker, which was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspections, maintenance work, or repairs on either of the tractor, trailer or and/or tanker, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

11.

Please identify every person who has information about how or why the subject accident occurred, about who was at fault or in any way responsible for causing the subject collision, and about any other information pertaining to the issues of liability, causation, or damages in this case. Please include a brief description of the nature of such person's knowledge, their phone number(s), current address(es), place(s) of employment, present whereabouts, and whether they purport to be represented by your counsel.

12.

Please state whether any part or potential witness in this case (including those identified above) made or gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit If so, please identify all such persons giving such statement(s) and provide an explanation of the type of statement(s) given (oral, written, recorded, etc.). Also identify the taker and present custodian of such statement(s).

13.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches,

6

diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject collision, the scene of the subject collision, the vehicles involve in the subject collision, or which in any way illustrate any facts relevant to the subject collision. As to each item, please stat the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item(s).

14.

Please identify any report or writing made by or on behalf of this Defendant, to include a report, incident report, summarizing or otherwise describing the events of the subject collision, or Plaintiffs' damages, and if so, identify the person(s) who prepared such report(s), identify all persons who have reviewed a copy of such report(s), the place where such report(s) is located, and the present custodian of the same. Please include, but do not limit your response to any memo, meeting minutes, letter, or e-mail.

15.

Was a HAZMAT permit or any other permit required for the load that was being carried in the cargo tanker?

16.

If Oakley Trucking, Inc., has ever been a party to *any* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

17.

Identify each insurance company, including excess carriers and umbrella coverages, which

might be liable to satisfy all or part of any judgment which may be entered int this action, and for each insurer give the following information:

    (a)    Name and address of company;

    (b)    Limits of liability coverage;

    (c)    Policy number; and

    (d)    Names of insured.

18.

Please state whether any test, experiment, inspect, chart, or measurement has been made with respect to the scene of the collision, the vehicles involved in the subject collision, or any object involved. State the name, current address, and telephone number(s) of each person who participated in such a test, experiment, inspection, chart, or measurement, and the date and nature of their participation.

19.

Please state whether Defendant Hogan was tested for drugs or alcohol before or after the subject collision, to include the forty-eight hours following the subject collision. If so, please identify the person who administered such tests, the types of tests administered, and state the results of all such tests.

20.

Please state in detail how you contend the subject collision took place, what caused Defendant Hogan to cause the accident and the order in which the events took place, to include the purpose of the trip by Defendant Hogan, his destination, from where he left, and any cargo he was carrying or was supposed to pick up. Please include in your response a listing of each person, force

- 8 -

of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject wreck and/or any of Plaintiffs' damages.

21.

Please identify the following individuals as of the date of the subject wreck and at present:

(a)     Person(s) responsible for the inspection of the subject cargo tanker;

(b)     maintenance and repair of the subject cargo tanker;

(c)     your Safety Director;

(d)     your freight brokers;

(e)     logistics manager;

(f)     purchasing and receiving managers;

(g)     person(s) responsible for dispatching.

Please include in this response the address and current telephone numbers of these individuals and state whether any of them continue to be employed by you.

22.

Please state the number of hours Defendant Hogan had worked and had been on duty for the date of the subject collision and each of the seven days prior to the collision, to include when and where he had driven and for how long he was put out of service to rest and/or sleep.

23.

What was the extent of damage to the vehicle belonging to this Defendant that Defendant Hogan was operating as a result of this collision, giving the time of loss of use, cost of repair and who repaired the vehicle?

24.

Did Defendant Hogan violate any policy, standard, guidelines, regulation, recommendation, or rule of this Defendant in connection with the subject collision? If so, please identify the rule/policy/standard violated and explain how the same was violated by Defendant Hogan.

25.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substances of the facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion.

26.

Please identify the details of Defendant Hogan's trip on the date of the subject collision, to include where and what time the trip began; the intended destination; the route he was scheduled to take; any cargo he was carrying and the weight of that cargo; the cargo and what time he picked it up; the time and location of any stops or rests breaks; and what he was scheduled to do after dropping off the load.

27.

Please identify the type of collision avoidance system on the subject tractor-trailer, to include identification of the brand and type of collision avoidance system on the subject tractor-trailer, whether it was working, what it was designed to do.

This 17th day of January, 2022.

/s/ C. Napoleon Barnwell

_____
C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

BROWN BARNWELL, P.C.
5805 State Bridge Road, Suite G-349
Johns Creek, GA 30097
T: (470) 406-6384
F: (470) 397-5103
napoleon@brownbarnwell.com

11

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE  SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | | |
|---|---|---|---|
| ANASTASIA HINDS and JESSICA HINDS, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | CIVIL ACTION | 22CV1351 |
| | ) | FILE NO. _____ | |
| MITCHERAL HOGAN, BULK LYFE | ) | | |
| INDUSTRIES, LLC, and OAKLEY | ) | | |
| TRUCKING, INC., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## PLAINTIFF ANASTASIA HINDS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BULK LYFE INDUSTRIES, LLC

Defendant is hereby requested to produce the following described documents pursuant to Section 34 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-34) and asked to serve upon counsel for the Plaintiffs a copy of the requested documents by mailing same to the undersigned within thirty (30) days of service of this Request upon Defendant.

1.

All documents and materials of any type you identified in your response to these Interrogatories.

2.

Copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to the issues of liability or damages.

3.

Copies of all policies of insurance (to include the declarations pages) which do or may

1

afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant. This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage applicable to the truck or trailer involved in the subject wreck.

4.

Copies of all training materials, instruction manuals, policies, procedures, rules, regulations, driver/employee handbooks, safety manuals or other written materials.

5.

Any and all drawings, maps or sketches of the scene of the collision.

6.

Copies of any traffic citations, motor vehicle violations, criminal or any charges issued to Defendant as a result of this wreck. This includes any transcript of any proceedings and a record of the final disposition.

7.

Each and every photograph or video concerning the wreck and depicting all property damage in question, as well as any earlier photographs or video(s) of said truck prior to this collision herein, and any photos showing subsequent alterations to said cargo tanker.

8.

Copies of any reports, whether written or recorded, made by any expert whom the Defendant expects to call as an expert at trial or who has been retained or otherwise employed by the Defendant in anticipation of litigation or preparation for trial.

9.

Copies of al paychecks, paycheck stubs, bank deposits, and any and all other records of payments you have received for work done during the last seven (7) years with Defendant Mitcheral Hogan.

10.

Copies of Defendant's electronic and/or manual logbooks, notes, or other documents detailing Defendant Hogan's driving history for six (6) months prior to the subject collision.

11.

Copies of any reports, statements, written or recorded, prepared by or given by you to the police, your employer(s), any insurer(s), any representative of Bulk Lyfe Industries, LLC., entities, or other person or entity concerning the subject wreck, or the injuries and damages detailed in Plaintiffs' Complaint.

12.

Copies of any and all agreements or contracts between you and Defendant Mitcheral Hogan , to include employment agreements and other associated documents.

13.

Copies of all documents or other materials which reference or illustrate the actions this Defendant took upon learning about the subject collision.

14.

Complete copies of your driver qualification file, training file, employment file, and/or personnel file for Mitcheral Hogan.

15.

Copies of any and all documents, reports, records, and other tangible things described in

or related to your answers to  Interrogatories not otherwise produced herein.

16.

Copies of any and all trip sheets, bills of lading, shipping documents, documents reflecting when and for how long you had rested/slept, or any and all other documents of any kind or by any other name which reflect information concerning the trips made by you during the week of November 4, 2020, to include documents relevant to said trips from the time the trips originated until the time the trips ended.

17.

Copies of any and all documents pertaining to any load this Defendant was carrying or that had been dispatched to carry at the time of the wreck, including but not limited to the cargo file, weight records, descriptions of the load, contracts or agreements regarding the load, and any documents indicating the origin or destination of the load.

18.

Copies of any and all documents that reflect any stops or purchases made on November 3, 2020 and November 4, 2020.

19.

Copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case or to introduce at trial.

20.

Copies of all driver's licenses and other certificates or permits held by Bulk Lyfe Industries, LLC that relate to Defendant Hogan's qualifications or ability to drive.

21.

Copies of all background checks, motor vehicle reports, or reports of any kind received

from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record (driving infractions, or criminal history of Defendant Hogan).

This  17th day of January, 2022.

*/s/ C. Napoleon Barnwell*

_____

C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

BROWN BARNWELL, P.C.
5805 State Bridge Road, Suite G349
Johns Creek, GA  30097
T: (470) 406-6384
F: (470) 397-5103
napoleon@brownbarnwell.com

5

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANASTASIA HINDS and JESSICA HINDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION **22CV1351** |
| | ) | FILE NO. _____ |
| MITCHERAL HOGAN, BULK LYFE | ) | |
| INDUSTRIES, LLC, and OAKLEY | ) | |
| TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF ANASTASIA HINDS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MITCHERAL HOGAN

Defendant is hereby requested to produce the following described documents pursuant to Section 34 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-34) and asked to serve upon counsel for the Plaintiffs a copy of the requested documents by mailing same to the undersigned within thirty (30) days of service of this Request upon Defendant.

1.

All documents and materials of any type you identified in your response to Interrogatories.

2.

A copy of your driver's license or other certificates or permits in effect on November 4, 2020, and at present that pertain to your right to drive any vehicle or piece of equipment.

3.

Copies of all policies of insurance (to include the declarations pages) which do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant. This Request includes primary insurance coverage, excess insurance coverage,

1

umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage applicable to the truck or trailer involved in the subject wreck.

4.

Copies of all training materials, instruction manuals, policies, procedures, rules, regulations, driver/employee handbooks, safety manuals or other written materials given to you by Bulk Lyte Industries, LLC.

5.

Any and all drawings, maps or sketches of the scene of the incident.

6.

Copies of all contracts of employment that you have been a party to for the preceding seven (7) years.

7.

Copies of any traffic citations, motor vehicle violations, criminal or any charges issued to Defendant as a result of this incident. This includes any transcript of any proceedings and a record of the final disposition.

8.

Each and every photograph or video concerning the incident and depicting all property damage in question, as well as any earlier photographs or video(s) of said truck prior to this collision herein, and any photos showing subsequent alterations to said truck.

9.

Copies of any reports, whether written or recorded, made by any expert whom the Defendant expects to call as an expert at trial or who has been retained or otherwise employed by

the Defendant in anticipation of litigation or preparation for trial.

10.

Copies of al paychecks, paycheck stubs, bank deposits, and any and all other records of payments you have received for work done during the last seven (7) years.

11.

Copies of Defendant's electronic and/or manual logbooks, notes, or other documents detailing your driving history for six (6) months prior to the subject collision.

12.

Copies of all trip reports for trips driven by Defendant on the date of the incident and the six months prior to this incident.

13.

Copies of any reports or  statements, written or recorded, prepared by or given by you to the police, your employer(s), any insurer(s), any representative of Bulk Lyfe Industries, LLC., entities, or other person or entity concerning the subject wreck, or the injuries and damages detailed in Plaintiffs' Complaint.

14.

Copies of any and all agreements or contracts  between you and Bulk Lyfe Industries, LLC, to include employment agreements and other associated documents.

15.

Copies of any and all agreements or contracts between you and Oakley Trucking, Inc., to include work orders, receipts, bills of lading, dispatch documents and employment agreements or contracts.

16.

For the last seven (7) years, produce a copy of:

(1)     your Federal and State income tax returns;

(2)     all Form W-2s received by you; and

(3)     all Form 1099s received by you.

17.

Complete copies of your driver qualification file, training file, employment file, and/or personnel file with Bulk Lyte Industries, LLC.

18.

Copies of any and all documents obtained or generated as a result of your driving for Bulk Lyte Industries, LLC, or its agents, officers, and employees or generated for consideration of you as a driver and employee for Bulk Lyte Industries, LLC.

19.

Copies of any and all documents, reports, records, and other tangible things described in or related to your answers to  Interrogatories not otherwise produced herein.

20.

Copies of any and all trip sheets, bills of lading, shipping documents, documents reflecting when and for how long you had rested/slept, or any and all other documents of any kind or by any other name which reflect information concerning the trips made by you during the week of November 4, 2020, to include documents relevant to said trips from the time the trips originated until the time the trips ended.

21.

Copies of any and all documents pertaining to any load you were carrying or that you had

been dispatched to carry at the time of the wreck, including but not limited to the cargo file, weight records, descriptions of the load, contracts or agreements regarding the load, and any documents indicating the origin or destination of the load.

22.

Copies of any and all documents that reflect any stops or purchases made on November 3, 2020 and November 4, 2020.

23.

Copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case or to introduce at trial.

This 17th day of January, 2022.

/s/ C. Napoleon Barnwell
_____
C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

BROWN BARNWELL, P.C.
5805 State Bridge Road
Suite G349
Johns Creek, GA  30097
T: (470) 406-6384
F: (470) 397-5103
napoleon@brownbarnwell.com

FILED 1/17/2022 3:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANASTASIA HINDS and JESSICA HINDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION  **22CV1351** |
| | ) | FILE NO. _____ |
| MITCHERAL HOGAN, BULK LYFE | ) | |
| INDUSTRIES, LLC, and OAKLEY | ) | |
| TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF ANASTASIA HINDS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OAKLEY TRUCKING, INC.

Defendant is hereby requested to produce the following described documents pursuant to Section 34 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-34) and asked to serve upon counsel for the Plaintiffs a copy of the requested documents by mailing same to the undersigned within thirty (30) days of service of this Request upon Defendant.

1.

All documents and materials of any type you identified in your response to these Interrogatories.

2.

Copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to the issues of liability or damages.

3.

Copies of all policies of insurance (to include the declarations pages) which do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this

1

Defendant. This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage applicable to the truck or trailer involved in the subject wreck.

4.

Copies of all training materials, instruction manuals, policies, procedures, rules, regulations, driver/employee handbooks, safety manuals or other written materials.

5.

Any and all drawings, maps or sketches of the scene of the collision.

6.

Copies of any traffic citations, motor vehicle violations, criminal or any charges issued to Defendant as a result of this wreck. This includes any transcript of any proceedings and a record of the final disposition.

7.

Each and every photograph or video concerning the wreck and depicting all property damage in question, as well as any earlier photographs or video(s) of said truck prior to this collision herein, and any photos showing subsequent alterations to said cargo tanker.

8.

Copies of any reports, whether written or recorded, made by any expert whom the Defendant expects to call as an expert at trial or who has been retained or otherwise employed by the Defendant in anticipation of litigation or preparation for trial.

9.

Copies of al paychecks, paycheck stubs, bank deposits, and any and all other records of

payments you have received for work done during the last seven (7) years with Defendant Mitcheral Hogan.

10.

Copies of Defendant's electronic and/or manual logbooks, notes, or other documents detailing Defendant Hogan's driving history for six (6) months prior to the subject collision.

11.

Copies of any reports, statements, written or recorded, prepared by or given by you to the police, your employer(s), any insurer(s), any representative of Bulk Lyfe Industries, LLC., entities, or other person or entity concerning the subject wreck, or the injuries and damages detailed in Plaintiffs' Complaint.

12.

Copies of any and all agreements or contracts between you and Defendant Mitcheral Hogan , to include employment agreements and other associated documents.

13.

Copies of all documents or other materials which reference or illustrate the actions this Defendant took upon learning about the subject collision.

14.

Complete copies of your driver qualification file, training file, employment file, and/or personnel file for Mitcheral Hogan.

15.

Copies of any and all documents, reports, records, and other tangible things described in or related to your answers to  Interrogatories not otherwise produced herein.

16.

Copies of any and all trip sheets, bills of lading, shipping documents, documents reflecting when and for how long you had rested/slept, or any and all other documents of any kind or by any other name which reflect information concerning the trips made by you during the week of November 4, 2020, to include documents relevant to said trips from the time the trips originated until the time the trips ended.

17.

Copies of any and all documents pertaining to any load this Defendant was carrying or that had been dispatched to carry at the time of the wreck, including but not limited to the cargo file, weight records, descriptions of the load, contracts or agreements regarding the load, and any documents indicating the origin or destination of the load.

18.

Copies of any and all documents that reflect any stops or purchases made on November 3, 2020 and November 4, 2020.

19.

Copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case or to introduce at trial.

20.

Copies of all driver's licenses and other certificates or permits held by Bulk Lyfe Industries, LLC that relate to Defendant Hogan's qualifications or ability to drive.

21.

Copies of all background checks, motor vehicle reports, or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity

relative to the driving history, driving record (driving infractions, or criminal history of Defendant Hogan).

This 17th day of January, 2022.

/s/ C. Napoleon Barnwell

_____
C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

BROWN BARNWELL, P.C.
5805 State Bridge Road
Suite G349
Johns Creek, GA 30097
T: (470) 406-6384
F: (470) 397-5103
napoleon@brownbarnwell.com

5